IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE INSURANCE,<br><br>      Plaintiff,<br><br>vs.<br><br>CARLY NEBE, et al.,<br><br>      Defendants. | 1:04-cv-06118-OWW-SMS<br><br>**ORDER REFERRING CASE TO EARLY NEUTRAL EVALUATION AND APPOINTING EVALUATOR**<br><br>**ORDER DIRECTING CLERK TO MAIL EVALUATOR A COPY OF THIS ORDER** [See No. 4 below] |

The parties have agreed to participate in Early Neutral Evaluation ("ENE") and to the selection of Donald H. Glasrud, Esq., as the evaluator, who has graciously agreed to so serve.

Accordingly, on the basis of good cause, it is hereby ordered:

1. That this action is referred to ENE to be conducted pursuant to this court's Local Rule 16-271.

2. That Donald H. Glasrud, Esq., is selected as the ENE evaluator.

3. That the ENE session be held on June 16, 2005, at 1:30 p.m., at the law offices of Donald H. Glasrud, Esq., Dietrich, Glasrud, Mallek & Aune, 5250 N. Palm Avenue, #402, Fresno, CA, 93704-2214, (559) 435-5250, (559) 435-8776 ~ fax.

    4.    That the Clerk of Court mail a copy of this order to:

>Donald H. Glasrud, Esq.
>Dietrich, Glasrud, Mallek & Aune
>5250 N. Palm Avenue, #402
>Fresno, CA 93704-2214
>(559) 435-5250

### **BACKGROUND re: EARLY NEUTRAL EVALUATION**

As a convenience to the parties, the Court provides the following background regarding ENE:

The purpose of ENE is to reduce the cost of litigation. To this end, ENE gives litigants an early opportunity to present their case to a neutral attorney with considerable experience in the relevant subject area, to see a comparable presentation by their opponent, to receive an objective evaluation of the relative strengths and weaknesses of the parties' positions, to discuss early settlement and, if no settlement can be reached, to develop a streamlined discovery plan that will produce efficiently necessary information to explore the possibility of settlement more thoroughly. The following are important points regarding ENE:

    1.    Lead trial counsel and their client(s), or an authorized representative with settlement authority, are required to personally attend the ENE session.

    2.    There is no charge for the ENE service.

    3.    The parties shall limit pre-ENE discovery to matters essential to making the ENE session meaningful. One purpose of ENE is to save the parties some of the costs of discovery.

    4.    The parties are required to submit a written statement directly to the evaluator, with a copy to opposing counsel, **[usually]** no less than five (5) calendar days prior to the evaluation session **[however, in this particular instance,**

2

1 **statements are due on or before 6/9/05]**, shall not exceed ten (10)
2 pages, and shall include and/or address the following:
3       A.    A brief statement of the facts;
4       B.    The pertinent principles of law;
5       C.    The legal and factual issues in dispute;
6       D.    Whether there are any legal or factual issues whose
7 early resolution may reduce the scope of the dispute or contribute
8 significantly to the productivity of settlement discussions;
9       E.    The discovery that promises to contribute most to
10 meaningful settlement negotiations; and,
11       F.    The person(s), in addition to counsel, who will
12 attend the session as that party's representative with settlement
13 authority.
14     5.    At the ENE session, each party will be expected to make a
15 short (perhaps 15-30 minutes) informal presentation of the party's
16 side of the case with supporting documents to the extent
17 practicable.
18     6.    All written and oral statements made in connection with
19 the ENE session are absolutely **CONFIDENTIAL** and cannot be used in
20 any aspect of the case for any purpose.  The evaluator shall not
21 communicate with the assigned judge(s) about the merits of the case
22 nor about what occurred at the ENE session other than whether the
23 case settled.
24     7.    After the parties present their case and answer
25 questions, the evaluator shall explore settlement by caucusing with
26 the parties, communicating offers and counter-offers, and utilizing
27 mediation techniques to focus the parties and their attorneys on
28 their chances of success on legal and factual issues, to quantify

that chance of success, and to assess the costs of continuing to litigate unresolved issues.

8.   If settlement efforts fail, the evaluator shall give his opinion of each party's chance of success, the range of damages, and his opinion of the probable outcome if tried.

9.   The evaluator's assessments and recommendations shall be purely advisory, shall not be communicated to the court, and shall have no binding effect on discovery, motion practice, or other aspects of preparation for trial.  Only the assigned judge(s) can control these matters.

10.  Following the ENE session, the evaluator shall submit a brief report to the Court stating only the date of the ENE session and whether the matter settled.

IT IS SO ORDERED.

**Dated:   June 6, 2005**                    /s/ Sandra M. Snyder
icido3                                       UNITED STATES MAGISTRATE JUDGE